**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

ANNE RICKENBAUGH, a natural person;

 Plaintiff;

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, an agency of the United States; UNITED STATES BUREAU OF LAND MANAGEMENT, an federal agency within the United States Department of the Interior; YET TO BE IDENTIFIED EMPLOYEE(S) OF THE UNITED STATED BUREAU OF LAND MANAGEMENT AND THE UNITED STATES DEPARTMENT OF INTERIOR;

 Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

 COMES NOW the Plaintiff, Anne Rickenbaugh, by and through her attorneys, Neiley Law Firm, LLC, and for her Complaint states and alleges the following:

**I.  INTRODUCTION**

 1. This action is premised upon, and consequent to, a violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.* It challenges the unlawful failure of the above-named Federal Defendants, the UNITED STATES DEPARTMENT OF THE INTERIOR (the "DOI"), and UNITED STATES BUREAU OF LAND MANAGEMENT (the "BLM"), and YET TO BE IDENTIFIED EMPLOYEE(S) OF THE UNITED STATED BUREAU OF LAND MANAGEMENT AND THE UNITED STATES DEPARTMENT OF INTERIOR, to respond to the Plaintiff's lawful FOIA request and administrative Appeal within the time and in the manner required by the FOIA.

 2. The Proposed Sutey Ranch Land Exchange (the "Proposed Exchange") is to take

place in the counties of Garfield, Pitkin, and Eagle in Colorado. The proposal involves the exchange of multiple BLM parcels with two private parties. Currently, the public comment period on the Preliminary Environmental Assessment closed May 29, 2013, and the next scheduled opportunity for public involvement will be a 45-day protest period when the final environmental assessment and decision are released.

3. In May 2013, the Plaintiff made a lawful request that the BLM disclose certain information relevant to the Proposed Exchange. Despite the FOIA's stated philosophy of full agency disclosure, the BLM unlawfully withheld information sought by the Plaintiff's FOIA Request. Specifically, the BLM withheld property appraisals for the Proposed Exchange, appraisal instructions, failed to provide the Plaintiff with a Vaughn Index and failed to provide other documents, as requested.

4. On July 26, 2013, the Plaintiff submitted an appeal ("Appeal") to the DOI pursuant to 5 U.S.C. § 552(a)(6)(A). As of the date of this filing, the DOI has failed to respond in any way to the Plaintiff's Appeal and as such is now in violation of the FOIA.

## II. JURISDICTION, VENUE, AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Jurisdiction is proper in the United States District Court for the District of Colorado pursuant to 5 U.S.C. § 552(4)(B) (FOIA), 28 U.S.C. § 1346(a)(2) (United States as defendant), and 28 U.S.C. § 1331 (Federal question).

2. Venue is proper under 5 U.S.C. § 552(a)(4)(B) as the Plaintiff resides in the State of Colorado.

3. The Plaintiff has exhausted her administrative remedies as she appealed the improper denial of her Freedom of Information Act Request ("FOIA Request") to the United States Department of Interior pursuant to 5 U.S.C. § 552(a)(6)(A) on July 26th, 2013; and she

has received no response therefrom as of the date of the filing of this Complaint. 5 U.S.C. § 552(a)(6)(C)(i) (2013) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").

### III. STANDING

The Plaintiff has standing to bring this action because she has been injured by the Agencies' failure to comply with the provisions and mandates of the FOIA; the Agencies are the cause of the Plaintiff's injury as the agencies improperly denied her FOIA Request and failed to respond to her FOIA Appeal; Plaintiff sought disclosure of the documents covered by her FOIA Request so as to obtain information relevant to her public comment submission during the period of time related to the Preliminary Environmental Assessment, which closed on May 29, 2013; and the relief prayed for herein can redress the Plaintiff's injury.

### IV. GENERAL ALLEGATIONS

1. On May 3, 2013, the Plaintiff made her initial FOIA Request pursuant to 5 U.S.C. 552, *et seq*. (*See* the May 3, 2013 FOIA Request appended hereto **Exhibit 1**.) Specifically, she requested: (i) a list of all studies relevant to the proposed land exchange that were prepared by entities other than the BLM; (ii) Wildlife Reports; (iii) Any reports relating to management of recreation on the parcels to be acquired by BLM in the exchange; (iv) **Appraisals of all properties in the proposed exchanged** (the "Appraisals"); (v) appraisal instructions; (vi) Conservation easements for Parcels A, B, and B-1; (vii) Documentation of the water rights on the Sutey Ranch; (vii) 1999 Red Hill SRMA Implementation Plan; (ix) 2010 Roaring Fork Land Health Assessment; and (x) 2003 Eagle River South Land Health Assessment, *Id*. Pursuant to 5

U.S.C. 552(a)(6)(A)(i), the BLM was required to respond to the FOIA Request within twenty (20) working days of receipt.

2. On May 9, 2013 the BLM sent an Acknowledgment and Request for Additional Information Letter to the Plaintiff via certified mail, acknowledging her request and denying her petition for Fee Waiver and Expedited Processing. (*See* the May 9, 2013 BLM Letter appended hereto as **Exhibit 2**.) Pursuant to 5 U.S.C. 552(a)(6)(A)(ii)(I)&(II), this Letter tolled the twenty (20) working day period in which time the BLM is required to respond to the Plaintiff's May 3, 2013 FOIA Request.

3. On May 17, 2013, the Plaintiff responded to the May 9, 2013 BLM Letter, communicating her willingness to pay up to $400 for production and transmission for the requested information. (*See* the May 17, 2013 Renewed FOIA Request appended hereto as **Exhibit 3**.) Pursuant to 5 U.S.C. 552(a)(6)(A)(ii)(II), the Renewed Request ended the tolling period, leaving fifteen (15) working days for the BLM to comply with the Plaintiff's May 3, 2013 FOIA Request.

4. On June 14, 2013, the BLM sent a Partial Denial Letter to the Plaintiff in which the BLM denied her request for Appraisal/Appraisal Reports for the properties involved in the proposed exchange. (*See* the June 14, 2013 Partial Denial Letter appended hereto as **Exhibit 4**.) Pursuant to 5 U.S.C. 552(a)(6)(A)(ii), the BLM was required to comply with, or deny, the Plaintiff's FOIA Request on or before June 10, 2013; twenty (20) days after her May 3, 2013 FOIA Request, plus five (5) working days during which the statutory period was tolled as discussed above. The BLM failed to comply with the applicable time limit.

5. The June 14, 2013 Partial Denial Letter was further defective as it failed to comply with the Plaintiff's request for a "Vaughn Index". The May 3, 2013 FOIA Request states

in pertinent part:

> **If any documents are withheld** If you believe that any portions of the documents requested are exempt from disclosure under FOIA, you are required by the Act to segregate those portions and provide the rest of the information. If you wish to withhold any documents referred to in this request, please send us an administrative Vaughn Index pursuant to 5 U.S.C. § 552(b) and <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), <u>cert</u>. <u>denied</u> 415 U.S. 977 (1974). This index should specify the following information about each document withheld: The title, author, and date of each document withheld. A description of each document withheld, including the subject and conclusions of the document. A legal citation to the exemption for each document withheld and an explanation of how the exemption applies to each document. 4. A list of all documents, including memos, electronic mail, and other communications which are referenced in the withheld document, or are referenced by the withheld document.

6. The BLM failed to provide the Plaintiff with a Vaughn Index as required by law. *See* 5 U.S.C. § 552(b); *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied* 415 U.S. 977 (1974).

7. The BLM claims that the FOIA Exemption 5 permits the Agency to withhold the information requested in this case. The June 14, 2013 Partial Denial Letter states in relevant part:

> [i]n regards to item 1 (Appraisals of all properties in the proposed exchange and instructions therefore) three hundred thirty eight pages are withheld in full pursuant to Exemption 5 of the FOIA [5 U.S.C. § 552(b)(5)] . . . Pursuant to Exemption 5, three hundred six pages are withheld in full under the Commercial Information Privilege and thirty-two (32) pages are withheld under the Deliberative Process Privilege.

Thus, the BLM asserts that the requested information is exempted from disclosure by (1) the Commercial Information Privilege; and (2) the Deliberative Process Privilege.

8. United States Code, Title 5, Section 552(b)(5) provides that "[t]his section does not apply to matters that are . . . inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." "In other words, Exemption 5 applies to documents that (a) are inter-agency or intra-agency

memorandums or letters, and (b) consists of material that would not be available by law to a party in litigation with the agency." *Federal Open Mkt.*, 443 U.S. at 352. "A claim that a privilege other than executive privilege or the attorney privilege is covered by Exemption 5 must be viewed with caution." *Id.* at 355. The burden in any FOIA proceeding is on the agency to establish that the requested information is exempt. *Id.* at 352.

9. The Commercial Information Privilege does not exempt the Appraisals of the properties in the Proposed Exchange from disclosure; and the BLM has unlawfully withheld their production to the Plaintiff.

10. To the best of the Plaintiff's knowledge and belief, the Deliberative Process Privilege does not exempt the Appraisals from production. However, because the BLM unlawfully failed to produce a Vaughn Index in connection with the Plaintiff's FOIA request, the Plaintiff herein alleges that, to the extent that the Court performs an *in camera* review of the documents the BLM claims are exempted by the Deliberative Process Privilege and determine they are not protected, the BLM unlawfully withheld said documents.

11. On July 26, 2013, the Plaintiff properly filed an appeal with the United States Department of Interior (the "DOI") pursuant to 5 U.S.C. § 552(a)(6)(A); and she has received no response therefrom as of the date of the filing of this Complaint. Accordingly, the Plaintiff has exhausted her administrative remedies in that the Defendants have failed to respond to her FOIA Appeal in a timely manner as required by the FOIA. *See* 5 U.S.C. § 552(a)(6)(C)(i) (2013). A copy of the Plaintiff's Appeal to the DOI is appended hereto as **Exhibit 5**.

## V. FIRST CLAIM FOR RELIEF
### (DECLARATORY RELIEF)

12. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 11 of her General Allegations above.

13. Pursuant to 28 U.S.C. §§ 2201, *et seq.*, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

14. In response to the Plaintiff's FOIA Request and Appeal, the Defendants have provided some information to Plaintiff, but have withheld other information, unlawfully invoking FOIA Exemption 5.

15. The Plaintiff's rights have been adversely affected, aggrieved, and she now suffers from an ongoing legal wrong because of the Defendants' failure to disclose information as required by the FOIA and to respond to her FOIA Appeal.

16. The Plaintiff herein seeks a declaration from the Court that the BLM acted unlawfully and in violation of the FOIA in denying the Plaintiff's FOIA Request, and:

    a. The Commercial Information Privilege does not exempt the appraisals/appraisal instructions from disclosure in the context of a land exchange; and

    b. To the extent the Court performs an *in camera* review of the documents withheld by the BLM under the claim they are protected by the Deliberative Process Privilege, and the Court concludes the information is not so protected from disclosure, the Plaintiff seeks such a declaration.

17. The Plaintiff further seeks a declaration from this Court that DOI has and continues to violate the FOIA by unlawfully failing to respond to the Plaintiff's Appeal submitted to the agency on July 26, 2013.

## VI.  SECOND CLAIM FOR RELIEF
### (INJUNCTIVE RELIEF)

18. The Plaintiff incorporates by reference paragraphs 1 through 11 of her General Allegations as though fully set forth herein.

19. Pursuant to 5 U.S.C. § 552(a)(4)(B), this Court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."

20. The Plaintiff herein seeks an injunction permanently enjoining the Defendants' from withholding three hundred six pages under the Commercial Information Privilege and thirty-two (32) pages under the Deliberative Process Privilege in response to the Plaintiff's FOIA Request.

21. The Plaintiff further seeks production of the unlawfully held documents and an Order from this Court requiring the Defendants to produce any and all documents as required by the FOIA.

22. Pursuant to 5 U.S.C. § 552(a)(4)(E), "the court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  Plaintiff is entitled to her attorneys' fees and costs incurred in connection with this action.

## VII.  THIRD CLAIM FOR RELIEF
### (ACTION OF THE AGENCIES AND ITS EMPLOYEES WAS ARBITRARY, CAPRICIOUS, UNLAWFUL, MANIFESTS AN ABUSE OF DISCRETION, CONTRARY TO STATUTORY RIGHT AND WAS WITHOUT OBSERVANCE OF PROCEDURE AS REQUIRED BY LAW)

23. Pursuant to 5 U.S.C. § 552(a)(4)(F), the Court may issue a written finding that circumstances surrounding a withholding raise questions whether agency personnel acted arbitrarily or capriciously and Special Counsel shall determine if disciplinary action is warranted.

24. Pursuant to 5 U.S.C. § 706(2), the Court may review agency action for conduct that is: arbitrary, capricious, unlawful, manifests an abuse of discretion, is contrary to statutory right, and was without observance of procedure as required by law.

25. As of the date of this filing, the DOI and yet to be identified employees of the DOI have failed to respond to the Plaintiff's FOIA Appeal as required by both the Administrative Procedure Act and the FOIA.

26. The DOI's failure to respond to the Plaintiff's FOIA Appeal was unlawful in that it violated specific provisions of the FOIA. *See* 5 U.S.C. § 552(a)(6)(A) (Agency must respond to complainants appeal within twenty (20) working days).

27. The DOI's failure to respond to the Plaintiff's FOIA Appeal raises significant questions about whether agency personnel acted arbitrarily or capriciously, and the Plaintiff is entitled to a written finding from this Court to such an effect and an order compelling Special Counsel to initiate an investigation into the circumstances surrounding the DOI's failure to respond to the Plaintiff's FOIA Appeal.

28. To the extent that the Plaintiff's FOIA Request was denied in an arbitrary, capricious, unlawful, and in a manner manifesting an abuse of discretion the Plaintiff is entitled to relief from such wrongful conduct.

29. The Plaintiff is entitled to reasonable litigation costs in connection with the claims asserted herein pursuant to the 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412(b).

## VIII.  PRAYER FOR RELIEF

WHEREFORE the Plaintiff prays for a declaration of rights pursuant to the FOIA; an injunction permanently enjoining the Defendants from withholding the information requested in the Plaintiff's FOIA Request and her Renewed FOIA Request; an Order requiring the

Defendants to produce any and all documents unlawfully withheld from disclosure; a review of the conduct of the Defendants to determine if it was arbitrary, capricious, unlawful, manifests an abuse of discretion, is contrary to statutory right, and was without observance of procedure as required by law; and respectfully requests that the Court award the Plaintiff her reasonable costs and attorney fees necessarily incurred in bringing this action and grant such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 11th day of December, 2013.

NEILEY LAW FIRM, LLC

By: /s/ Richard Y. Neiley, Jr.
Richard Y. Neiley, Jr., Reg. #9878
6800 Highway 82, Suite 1
Glenwood Springs, CO 81601
Telephone:  (970) 928-9393
*Attorney for Plaintiff*

By: /s/ Richard Y. Neiley III
Richard Y. Neiley III, Reg. #45848
6800 Highway 82, Suite 1
Glenwood Springs, CO 81601
Telephone:  (970) 928-9393
*Attorney for Plaintiff*