

# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Colorado State Office
2850 Youngfield Street
Lakewood, Colorado 80215-7210
www.co.blm.gov



In Reply Refer To:
FOIA CO-13-074
1278 (CO-954)

**JUN 1 4 2013**

```
┌─────────────────────────┐
│       EXHIBIT           │
│          4              │
│  _____    │
└─────────────────────────┘
```

CERTIFIED MAIL
Return Receipt Requested

Ms. Anne Rickenbaugh
223 Cottonwood Lane
Aspen CO  81611

Dear Ms. Rickenbaugh:

This letter is in response to your Freedom of Information Act (FOIA) request, BLM-2013-00673/CO-13-074, dated May 20, 2013, and received by the Bureau of Land Management (BLM) Colorado State Office on the same date.  In your FOIA, you sought the following information:

"[1] Appraisals of all properties in the proposed exchange and instructions therefore;

[2] The "Memorandum of Understanding (MOU) executed between the BLM and the Proponent, establishing the roles and responsibilities of each part, including the contractor," as described in the environmental assessment, pp. 4-1 and 4-2;

[3] The name of the 3rd party contractor who prepared the EA (per pp. 1-8) and a summary of their qualifications;

[4] The cultural resources and paleontology reports for the project, whether conducted by the BLM or 3rd parties;

[5] The 3rd party reports on wildlife and plants not already posted on the website, especially any wildlife and plants listed as threatened or endangered, or proposed for such listing, under the federal Endangered Species Act (16 U.S.C. 1531 et seq.);

[6] The recreation reports and inventories for the project, whether conducted by the BLM or a 3rd party;

[7] Instructions to and responses from 3rd party contractors regarding preparation of their work product;

[8] Records of field visits and inventories conducted by 3rd party contractors, the BLM and/or other consulting government agencies."

The Colorado River Valley Field Office conducted a search for documents responsive to your request. Please find enclosed 110 pages responsive to your request. In regards to item 4, seventeen (17) pages are partially redacted pursuant to Exemptions 3 of the FOIA [5 U.S.C. § 552(b)(3)]. In regards to item 1, three hundred thirty eight pages are withheld in full pursuant to Exemption 5 of the FOIA [5 U.S.C. § 552(b)(5)]. See explanations below.

Exemption 3 allows the withholding of information prohibited from disclosure by another statute in accordance with the Archaeological Resources Protection Act of 1979, 16 U.S.C. 470hh (a), as the information pertains to the nature and location of certain archaeological resources. You may wish to contact the Colorado Historical Society, Office of Archaeology & Historic Preservation (OAHP), 1300 Broadway, Denver, Colorado 80203, for further cultural information. The State of Colorado, OAHP, restricts access to some cultural resource information (See CRS 24-72-201(1) and CRS 24-80-405(2)).

Pursuant to Exemption 5, three hundred six pages are withheld in full under the Commercial Information Privilege and thirty-two (32) pages are withheld under the Deliberative Process Privilege.

Exemption 5 allows an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party... in litigation with the agency." (See *Nat'l Labor Relations Bd. v. Sears Roebuck & Co.*, 421 U.S. 132, 149 (1975)). Exemption 5 therefore incorporates the privileges that protect materials from discovery in litigation, including the deliberative process, commercial information, attorney work-product, and attorney-client privileges.

*Commercial Information Privilege*

When the government enters the marketplace as an ordinary commercial buyer or seller, the government's information is protected under the commercial information privilege if it is "sensitive information not otherwise available," and disclosure would "significantly harm the government's monetary functions or commercial interests." *Fed. Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 363 (1979); *Gov't Land Bank v. Gen. Servs. Admin.*, 671 F.2d 663, 665-66 (1st Cir. 1982).

Realty appraisals generated by the government in the course of soliciting buyers for its property has been held to fall within this privilege as have documents containing communications between agency personnel, potential buyers, and real estate agents concerning a proposed sale of government-owned real estate and agency's background documents which it used to calculate its bid in a "contracting out" procedure, and portions of inter-agency cost estimates prepared by the government for use in the evaluation of construction proposals submitted by private contractors.

*Deliberative Process Privilege*

The deliberative process privilege protects the decision-making process of government agencies and encourages the "frank exchange of ideas on legal or policy matters" by ensuring agencies are not "forced to operate in a fish bowl." *Mead Data Cent., Inc. v. United States Dep't of the Air Force*, 566 F.2d 242, 256 (D.C. Cir. 1977) (internal citations omitted). A number of policy purposes have been attributed to the deliberative process privilege. Among the most important are to: (1) "assure that subordinates . . . will feel free to provide the decision maker with their uninhibited opinions and recommendations;" (2) "protect against premature disclosure of proposed policies;" and (3) "protect against confusing the issues and misleading the public." *Coastal States Gas Corp. v. United States Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).

The deliberative process privilege protects materials that are both pre-decisional and deliberative. The privilege covers documents that "reflect the give-and-take of the consultative process" and may include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Id.*

The approved Office of Valuation Services (OVS) appraisals and review reports are official records used by the BLM in setting the price and reaching agreement on realty transactions. These are internal documents and are not subject to public release until the BLM has taken as action utilizing the information in the report. At this time the BLM is in the process of reviewing the appraisals. Once the decision is made to utilize the appraisals, a Notice of Decision will be published providing for a 45 day protest period. At that time you may contact the Colorado River Valley Field Office for a copy of the appraisals. A FOIA request will not be required. Please note the Statement of Work (appraisal instructions) is a part of the Appraisal Report.

All wildlife and plant reports are posted on the website for item 5. There were no recreation reports or inventories conducted for this project.

The BLM does not have in its possession records between the 3rd party contractor and their subcontractors for items 7. Because they are sub-consultants to SE Group we do not have instructions or responses to preparation of their work product (SE Group does), but as part of their responsibilities SE Group is responsible for the Administrative Record and until we accept the work product as complete and anything that is used in development of the EA (work product) will be documented in the administrative record and will become part of the decision and be available at a later date.

The undersigned in consultation with Terri Debin, Attorney-Advisor, Rocky Mountain Regional Solicitor's Office is responsible for this partial denial. You may appeal this partial denial to the Department's FOIA Appeals Officer. The FOIA Appeals Officer must receive your FOIA appeal for a partial denial **no later than 30 workdays** from the date of this final letter responding to your FOIA request. Appeals arriving or delivered after 5 p.m. Eastern Time, Monday through Friday, will be deemed received on the next workday. Your appeal must be in writing and addressed to:

FOIA Appeals Officer
U.S. Department of the Interior
1849 C Street, N.W., MS 6556
Washington, D.C. 20240
(202) 208-5339
Fax: (202) 208-6677
E-mail: FOIA.Appeals@sol.doi.gov

You must include with your appeal copies of all correspondence between you and the BLM concerning your FOIA request, including a copy of your original FOIA request and your denial letter. Failure to include this documentation with your appeal will result in the Department's rejection of your appeal. All communications concerning your appeal, including envelopes, should be clearly marked with the words "FREEDOM OF INFORMATION APPEAL." You must include an explanation of why you believe the BLM's response is in error. For more information on FOIA Administrative Appeals, you may review Subpart H of the Department's FOIA regulations, *43 C.F.R. Part 2, Subpart H.*

As part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS in any of the following ways:

Office of Government Information Services
National Archives and Records Administration
Room 2510
(OGIS) 8601 Adelphi Road
College Park, MD 20740-6001
E-mail: ogis@nara.gov
Web: https://ogis.archives.gov
Telephone: 202-741-5770
Facsimile: 202-741-5769
Toll-free: 1-877-684-6448

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010)). This response is limited to those records that are subject to the requirements of the FOIA. This is standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

The fee incurred in responding to your request is less than $50 and is not being charged in accordance with 43 CFR. § 2.49(a)(1).

5

If you have any questions, please contact Debbie Suehr, BLM Colorado FOIA Officer, at (303) 239-3688 or Tiffaney Brooks at (303) 239-3686; via facsimile at (303) 239-3933; via mail at the letterhead address; or via email at BLM_CO_FOIA@blm.gov.

Sincerely,

Helen M. Hankins
State Director

Enclosure (as stated)