# NEILEY & ALDER
## ATTORNEYS

EXHIBIT
5
tabbies

**PLEASE RESPOND TO:**
6800 Highway 82, Suite 1
Glenwood Springs, CO 81601
Phone (970) 928-9393
Fax     (970) 928-9399
aspenlaw@neileyalder.com

Richard Y. Neiley, Jr.
John F. Neiley

Eugene M. Alder
1958-2012

215 South Monarch, Suite 105
Aspen, CO 81611
Phone:  (970) 925-9393
Fax:  (970) 925-9396

July 26, 2013

**VIA EMAIL and FEDERAL EXPRESS**
FOIA Appeals Officer
U.S. Department of Interior
1849 C Street, N.W., MS 6556
Washington, D.C. 20240
(202) 208-5339
Fax: (202) 208-6677
E-mail: FOIA. Appeals@sol.doi.gov

RE:   FREEDOM OF INFORMATION ACT APPEAL, **BLM-2013-00673/CO-13-074,
1278 (CO-954)**

This office represents Ms. Anne Rickenbaugh in connection with her Freedom of
Information Act Request (hereinafter "FOIA Request") initiated on May 3, 2013. Ms.
Rickenbaugh's request for Appraisals/Appraisal Reports (hereinafter referred to generally as the
"Appraisals") for all properties involved in the Proposed Sutey Ranch Land Exchange has been
improperly denied by the BLM Colorado State Office for the following reasons:

The Proposed Sutey Ranch Land Exchange is to take place in the counties of Garfield,
Pitkin, and Eagle in Colorado. The proposal involves the exchange of multiple BLM parcels
with two private parties. Currently, the public comment period on the Preliminary
Environmental Assessment closed May 29, 2013, and the next scheduled opportunity for public
involvement will be a 45-day protest period when the final environmental assessment and
proposed decision are released.

## BACKGROUND

The instant appeal arose from the following transactions between the BLM and Ms.
Rickenbaugh:

1.      On May 3, 2013 Ms. Rickenbaugh made her initial FOIA Request pursuant to 5
U.S.C. 552, *et seq*. (*See* attached May 3, 2013 FOIA Request.) Specifically, she requested: (i) a
list of all studies relevant to the proposed land exchange that were prepared by entities other than

FREEDOM OF INFORMATION ACT APPEAL, **BLM-2013-00673/CO-13-074, 1278 (CO-954)**

the BLM; (ii) Wildlife Reports; (iii) Any reports relating to management of recreation on the parcels to be acquired by BLM in the exchange; (iv) **Appraisals of all properties in the proposed exchanged;** (v) Conservation easements for Parcels A, B, and B-1; (vi) Documentation of the water rights on the Sutey Ranch; (vii) 1999 Red Hill SRMA Implementation Plan; (viii) 2010 Roaring Fork Land Health Assessment; and (ix) 2003 Eagle River South Land health Assessment. *Id.* Pursuant to 5 U.S.C. 552(a)(6)(A)(i), the BLM was required to respond to the FOIA Request within twenty (20) working days of receipt.

2.      On May 9, 2013 the BLM sent an Acknowledgment and Request for Additional Information Letter to Ms. Rickenbaugh via certified mail, acknowledging her request and denying her petition for Fee Waiver and Expedited Processing. (*See* the attached May 9, 2013 BLM Letter.) Pursuant to 5 U.S.C. 552(a)(6)(A)(ii)(I)&(II), this Letter tolled the twenty (20) working day period in which time the BLM is required to respond to Ms. Rickenbaugh's May 3, 2013 FOIA Request.

3.      On May 17, 2013, Ms. Rickenbaugh responded to the May 9, 2013 BLM Letter, communicating her willingness to pay up to $400 for production and transmission for the requested information. (*See* attached May 17, 2013 Renewed FOIA Request.) Pursuant to 5 U.S.C. 552(a)(6)(A)(ii)(II), the Renewed Request ended the tolling period, leaving fifteen (15) working days for the BLM to comply to Ms. Rickenbaugh's May 3, 2013 FOIA Request.

4.      On June 14, 2013, the BLM sent a Partial Denial Letter to Ms. Rickenbaugh in which the BLM denied her request for Appraisal/Appraisal Reports for the properties involved in the proposed exchange. (*See* attached June 14, 2013 Partial Denial Letter.) Pursuant to 5 U.S.C. 552(a)(6)(A)(ii), the BLM was required to comply with or deny Ms. Rickenbaugh's FOIA Request on or before June 10, 2013; twenty (20) days after her May 3, 2013 FOIA Request, plus five (5) working days during which the statutory period was tolled as discussed above. The BLM failed to comply with the applicable time limit.

5.      Because of such failure, Ms. Rickenbaugh, technically, has exhausted her administrative remedies with respect to her May 3, 2013 FOIA Request, *see* 5 U.S.C. 552(a)(6)(C)(i), and at this time has the right to file an action in Federal District Court to enjoin the BLM from withholding agency records and to order the production of any agency records improperly withheld from Ms. Rickenbaugh. 5 U.S.C. 552(a)(4)(B). In filing this Appeal with the Department of Interior, Ms. Rickenbaugh reserves the right to file a complaint in Federal District Court for the District of Colorado, seeking an Order requiring the BLM to turn over any improperly withheld documents and waives no rights whatsoever in regard to this matter.

6.      The June 14, 2013 Partial Denial Letter was further defective as it failed to comply with or deny Ms. Rickenbaugh's request for a "Vaughn Index" in the event that documents were withheld. The May 3, 2013 FOIA Request states in pertinent part:

FREEDOM OF INFORMATION ACT APPEAL, **BLM-2013-00673/CO-13-074, 1278 (CO-954)**

> **If any documents are withheld** If you believe that any portions of the documents requested are exempt from disclosure under FOIA, you are required by the Act to segregate those portions and provide the rest of the information. If you wish to withhold any documents referred to in this request, please send us an administrative Vaughn Index pursuant to 5 U.S.C. § 552(b) and Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied 415 U.S. 977 (1974). This index should specify the following information about each document withheld: The title, author, and date of each document withheld. A description of each document withheld, including the subject and conclusions of the document. A legal citation to the exemption for each document withheld and an explanation of how the exemption applies to each document. 4. A list of all documents, including memos, electronic mail, and other communications which are referenced in the withheld document, or are referenced by the withheld document.

The BLM has failed to provide Ms. Rickenbaugh with a Vaughn Index as required by law. *See* 5 U.S.C. § 552(b); *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied* 415 U.S. 977 (1974).

7.     The BLM claims that the FOIA Exemption 5 permits the Agency to withhold the information requested in this case.  The June 14, 2013 Partial Denial Letter states in relevant part:

> [i]n regards to item 1 (Appraisals of all properties in the proposed exchange and instructions therefore) three hundred thirty eight pages are withheld in full pursuant to Exemption 5 of the FOIA [5 U.S.C. § 552(b)(5)] . . . Pursuant to Exemption 5, three hundred six pages are withheld in full under the Commercial Information Privilege and thirty-two (32) pages are withheld under the Deliberative Process Privilege.

## ARGUMENT

"The purpose of the FOIA is to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *Federal Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 350-51 (1979).  United States Code, Title 5, Section 552(b)(5) provides that "[t]his section does not apply to matters that are . . . inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  "In other words, Exemption 5 applies to documents that (a) are inter-agency or intra-agency memorandums or letters, and (b) consists of material that would not be available by law to a party in litigation with the agency." *Federal Open Mkt.*, 443 U.S. at 352.  "A claim that a privilege other than executive privilege or the attorney privilege is covered by Exemption 5 must be viewed with caution." *Id.* at 355.  The

FREEDOM OF INFORMATION ACT APPEAL, **BLM-2013-00673/CO-13-074, 1278 (CO-954)**

burden in any FOIA proceeding is on the agency to establish that the requested information is exempt. *Id.* at 352.

The BLM claims that the Appraisals/Appraisal Reports are exempt from the general law favoring disclosure because they are commercial information and would otherwise be undiscoverable in litigation. The BLM further claims that because it is participating in the marketplace as an ordinary commercial buyer or seller, the Appraisals are "sensitive information not otherwise available" and disclosure would "significantly harm the government's monetary functions or commercial interests." (*See* June 14, 2013 Partial Denial Letter, p. 2.) This argument is without merit for several reasons. First, the documents the BLM claims are exempt would be discoverable by a party in litigation with the BLM. Second, the BLM is not acting as an ordinary buyer or seller in the marketplace because the request is related to a proposed land exchange, not a sale or condemnation action, and such exchanges are governed by statutory law that requires equal value of the relevant properties to ensure maximum public interest and mandatory disclosure of appraisals between the parties. Furthermore, disclosure would in no way harm whatever "monetary function" the BLM possibly has, nor would it damage a purported commercial interest. Accordingly, the BLM is not entitled to withhold the requested Appraisals/Appraisal Reports from disclosure based on the FOIA Exemption 5.

I.   The Appraisals In This Case Are Not Confidential Commercial Information Protected From Mandatory Disclosure.

The FOIA Exemption 5 authorizes a limited form of protection for "confidential commercial information." *Federal Open Mkt.*, 443 U.S. at 358. This exception to the general rule of disclosure is limited in the sense that "Exemption 5 incorporates a qualified privilege for confidential commercial information, at least to the extent that this information is generated by the Government itself **in the process of awarding a contract**." *Federal Open Mkt.*, 443 U.S. at 360.

In *Federal Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 360 (1979), one of two cases cited by the BLM on this issue, the Supreme Court explained that "the theory behind a privilege for confidential commercial information generated in the process of awarding a contract . . . is that the Government would be placed at a competitive disadvantage or that the consummation of the contract may be endangered." The other case the BLM cites on this issue is *Gov't Land Bank v. G.S.A.*, 671 F.2d 663, 665 (1st Cir. 1982), which stands for the proposition that Exemption 5 protects the government when the government enters the marketplace as an ordinary commercial buyer or seller. Both cases are inapposite to the circumstances of this case.

Here, the Appraisals at issue are not confidential commercial information because they were not generated in the process of awarding a contract. The Appraisals were generated as part of a land exchange between the BLM and two private parties, the Two Shoes Ranch and the Horse Mountain, LLC (collectively the "Non-Federal Parties"). The policy objectives espoused by the *Federal Open Mkt.* Court are fundamentally inapplicable to a voluntary land exchange in

4

FREEDOM OF INFORMATION ACT APPEAL, **BLM-2013-00673/CO-13-074, 1278 (CO-954)**

which the parties' relationship is not competitive in nature; and thus, there exists no need to maintain the secrecy of the government's own valuation of the subject matter. Thus, the limited privilege afforded commercial information is inapplicable to the FOIA Request at issue here.

Indeed, BLM land exchanges are governed by the provisions of 43 C.F.R. § 2200, *et seq.* Section 2201.4 mandates that appraisals of all properties involved in a land exchange be provided to all parties to the exchange so the parties may agree on the appraised values of the lands involved in the exchange. While the statute contemplates the reality that non-Federal parties and the government may bargain over the respective values of the properties involved in the exchange, *see* 43 C.F.R. § 2201.4; the statutory scheme evidences that land exchanges are not typical arm's length transactions between ordinary marketplace participants. What is clear is that the need to protect otherwise sensitive commercial information contained in government appraisals is obviated by the non-adversarial nature of land exchanges and the statutory requirement that the appraisals be shared between the government and the non-governmental parties to the deal. Simply put, there is no need for secrecy when there are not multiple parties bidding on the same contract and complete transparency between the parties to the exchange is the law.

The BLM cites *Gov't Land Bank v. G.S.A.*, 671 F.2d 663, 665 (1st Cir. 1982) asserting that "[r]ealty appraisals generated by the government in the course of soliciting buyers for its property has been held to fall within this privilege (confidential commercial information)." (*See* June 14, 2013 Partial Denial Letter, p. 2.) However, *Gov't Land Bank* is distinguishable from this Appeal. As the BLM points out, *Gov't Land Bank* involved the sale of government owned realty to potential non-government buyers. 671 F.2d at 666. Notably, the case dealt with a sale, not an exchange. *Id.* In that case, the First Circuit reasoned "[w]hen an agency . . . is about to dispose of realty, its own expert appraisal of value is sensitive: it is a critical factor in computing its initial asking price and its rock bottom price. Moreover, the appraisal is 'not otherwise available': anyone could have the property appraised, but the agency's own appraiser does not reveal his conclusions outside the agency." *Id.* Here, the BLM is not formulating an initial asking price, which if revealed would show the agency's hand to the other player's at the table. In fact, the statutory scheme governing BLM land exchanges specifically prohibits the government from playing hide the ball. *See* 43 C.F.R. § 2201.4. Additionally, the Appraisals at issue here are otherwise available in the sense that the Non-Federal Parties to the proposed land exchange are privy to the appraisals. The applicability of Exemption 5 hinges on the requirement that the "documents contain sensitive information not otherwise available." *Gov't Land Bank*, 671 F.2d at 666.

Furthermore, Policy section 43 C.F.R. § 2200.0-6(c) states "lands of interest to be exchanged **shall be of equal value.**" Unlike *Gov't Land Bank*, where the secrecy of realty appraisals was necessary to help the government sell property. The equal value requirement in land exchange agreements necessitates full disclosure of appraisals so that public land held in trust by the BLM for the benefit of the People is exchanged in a fair and transparent manner. Indeed, the First Circuit explicitly cautions "FOIA should not be used to allow the government's

FREEDOM OF INFORMATION ACT APPEAL, **BLM-2013-00673/CO-13-074, 1278 (CO-954)**

customers to pick the taxpayer's pockets." *Gov't Land Bank*, 671 F.2d at 665. The same principle applies in this case, except that the Non-Federal Parties to the Proposed Sutey Ranch Land Exchange are not customers, and Exemption 5 should not be used to allow the BLM to operate in a non-transparent manner when there is no defined commercial interest at stake. Indeed, the BLM cites the law in support of its denial, but nowhere does the agency explain what the commercial interest is that it is seeking to protect, (*see* June 14, 2013 Partial Denial Letter), and the burden in on the agency to demonstrate why the request should be denied. *Federal Open Mkt.*, 443 U.S. at 352. The BLM has failed to do so here. While some level of commercial interest exists in the land exchange at issue by virtue of property ownership itself, the BLM's mandate in this exchange is equal value and maximum public benefit, not maximum value for the government.

Accordingly, because the FOIA requires the BLM to disclose all documents upon request unless clearly exempted, and the Appraisal/Appraisal Reports sought by Ms. Rickenbaugh's FOIA Request are not confidential commercial information subject to Exemption 5 protection; the BLM is in error by failing to comply with Ms. Rickenbaugh's FOIA Request.

II.    The Appraisals Would Be Discoverable During Civil Litigation.

Exemption 5 applies to documents that (a) are inter-agency or intra-agency memorandums or letters, and (b) consists of material that would not be available by law to a party in litigation with the agency." *Federal Open Mkt.*, 443 U.S. at 352. Ms. Rickenbaugh does not dispute whether the Appraisals constitute memoranda or letters. However, the Appraisals at issue here would clearly be discoverable during civil litigation.

As discussed above, the documents are not confidential commercial information subject to a qualified privilege. Exemption 5 protects "those documents, and only those documents, normally privileged in the civil discovery context." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). The Federal Rules of Civil Procedure provide a qualified evidentiary privilege for trade secrets and confidential commercial information in the civil discovery context. *Federal Open Mkt.*, 443 U.S. at 356. However, "there is no absolute privilege for trade secrets and similar confidential information." *Id.* at 363. The information must be determined to be privileged in fact on a case to case basis. *Id.* 362. Thus, even if on appeal the erroneous determination was made that the appraisals at issue in this case were the type of confidential commercial information potentially subject to Exemption 5 protection, it would still be necessary to evaluate whether the information would be entitled to a protective order under F.R.C.P. 26(C)(7). *Id.* at 356.

The individual FOIA applicant's need for information is not to be taken into account in determining whether materials are exempt under Exemption 5; however, the sensitivity of the commercial secrets involved, and the harm that would be inflicted upon the Government by premature disclosure, should continue to serve as relevant criteria in determining the applicability of Exemption 5 . . .

6

FREEDOM OF INFORMATION ACT APPEAL, **BLM-2013-00673/CO-13-074, 1278 (CO-954)**

> (such criteria includes whether disclosure) would significantly harm the Government's monetary functions or commercial interests.

*Id.* at 363. As discussed, the BLM has no commercial interest at stake in the instant case. Additionally, the BLM has failed to articulate what commercial interest the agency is seeking to protect by wrongfully denying Ms. Rickenbaugh here right to disclosure of requested documents. It is the BLM's burden to show some cause for denying the request. *Federal Open Mkt.*, 443 U.S. at 352.

Furthermore, in litigation involving government land exchanges, the subject of which is the relative value of the properties proposed for exchange, appraisals are clearly relevant and are necessarily discoverable. *Desert Citizens Against Pollution v. Bisson*, 231 F.3d 1172 (9th Cir. 2000).

Accordingly, the BLM cannot in fact demonstrate that the agency would be entitled to a protective order granting qualified privilege for the Appraisals at issue; thus, the Agency improperly denied Ms. Rickenbaugh's request.

III.   Documents Protected From Disclosure By The Deliberative Process Exemption.

Ms. Rickenbaugh recognizes that pre-decisional deliberative memoranda and letters are protected under Exemption 5 under the theory that such protection protects the deliberative process. To the extent that the thirty-two (32) of the three hundred thirty eight (338) pages withheld are in fact pre-decisional deliberations, the BLM's denial potentially would be correct. However, to the extent these documents are not pre-decisional or not deliberative, Ms. Rickenbaugh is entitled to their production. Because the BLM failed to supply a Vaughn Index as required by law, it is impossible to know at this time what such denial pertains to. Thus, in addition to producing the three hundred and six (306) documents it wrongfully withheld under the commercial information exemption, the BLM must produce a Vaughn Index as requested so the propriety of its determination with respect to the deliberative process exemption may be evaluated. Ms. Rickenbaugh is loath to believe such documents are exempt do to the obvious errors the BLM has made in denying her right to government transparency.

7

FREEDOM OF INFORMATION ACT APPEAL, **BLM-2013-00673/CO-13-074, 1278 (CO-954)**

ACCORDINGLY, Ms. Rickenbaugh respectfully requests that the BLM's denial of Ms. Rickenbaugh's FOIA Request be overturned on appeal and that all documentation described in her letters of May 3 and May 17, 2013 be promptly produced, and further requests that she be supplied with a Vaughn Index of the documents wrongfully withheld from disclosure.

Very truly yours,

NEILEY & ALDER

Richard Y. Neiley, Jr.

Attachments
cc:  Anne Rickenbaugh (Via Email)

8