**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-03341-RM-MJW

ANNE RICKENBAUGH, a natural person;

     Plaintiff;

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, an agency of the United States;
UNITED STATES BUREAU OF LAND MANAGEMENT, a federal agency within the
United States Department of the Interior;
YET TO BE IDENTIFIED EMPLOYEE(S) OF THE UNITED STATED BUREAU OF
LAND MANAGEMENT AND THE UNITED STATES DEPARTMENT OF INTERIOR;

     Defendants.

---

## ANSWER

---

     Defendants the United States Department of the Interior and the United States

Bureau of Land Management ("Defendants") answer Plaintiff's complaint according to

the organization and numbering thereof, as follows.

     Defendants deny all allegations not specifically admitted.

## I.     INTRODUCTION

     1.     This paragraph contains Plaintiff's characterization of her claims to which

no answer is required.  Should an answer be deemed required, Defendants deny that

their response to Plaintiff's requests under the Freedom of Information Act ("FOIA")

violated that Act.

2.      This paragraph contains Plaintiff's characterization of the Proposed Sutey Ranch Land Exchange to which no answer is required.

3.      This paragraph contains Plaintiff's conclusions of law regarding the FOIA to which no answer is required.  Should an answer be deemed required, Defendants admit that in May 2013, Plaintiff submitted a FOIA request.

4.      Defendants admit that on July 26, 2013, Plaintiff filed an appeal. Defendants deny the last sentence.

## II.      JURISDICTION, VENUE, AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.      This paragraph contains a legal allegation to which no response is required.  Should an answer be deemed required, Defendants deny that the Court has subject-matter jurisdiction.

2.      Defendants lack information sufficient to form a belief as to the truth of this paragraph and for that reason deny it.

3.      Denied.

## III.      STANDING

This paragraph contains Plaintiff's characterization of why she believes she has standing in this case to which no answer is required.

## IV.      GENERAL ALLEGATIONS

1.      Defendants admit that Plaintiff made a FOIA request dated May 3, 2013. As to her allegations regarding the content of that request, the document speaks for

itself and no response is required.  As to Plaintiff's characterization of FOIA's requirements, no response is required.

2.    Defendants admit that BLM sent Plaintiff a letter regarding her FOIA request on May 9, 2013.  As to her allegations regarding the content of that letter, the document speaks for itself and no response is required.  As to Plaintiff's characterization of FOIA's provisions, no response is required.

3.    Defendants admit that Plaintiff sent BLM a letter dated May 17, 2013.  As to her allegations regarding the content of that letter, the document speaks for itself and no response is required.  As to Plaintiff's characterization of FOIA's provisions, no response is required.

4.    Defendants admit that BLM sent Plaintiff a letter dated June 14, 2013.  As to her allegations regarding the content of that letter, the document speaks for itself and no response is required.  As to Plaintiff's characterization of FOIA's provisions, no response is required.

5.    Deny.

6.    Deny.

7.    Defendants admit that BLM sent Plaintiff a letter dated June 14, 2013.  As to her allegations regarding the content of that letter, the document speaks for itself and no response is required.

8.    This paragraph purports to quote a statute and a case.  That statute and case speak for themselves and thus no response is required.

9.    Deny.

10.     As to Plaintiff's knowledge and belief, Defendants lack information

sufficient to form a belief as to the truth of that allegation and for that reason deny it.

Defendants deny the remaining allegations.

11.     Defendants admit that Plaintiff sent BLM an appeal dated July 26, 2013.

As to her allegations regarding the content of that appeal, the document speaks for itself

and no response is required.  As to Plaintiff's characterization of FOIA's provisions, no

response is required.

**V.      FIRST CLAIM FOR RELIEF**
**(DECLARATORY RELIEF)**

12.     Defendants incorporate by reference their responses to paragraphs 1 to

11 of the General Allegations.

13.     The statute cited speaks for itself and therefore no response is required.

14.     Deny.

15.     Deny.

16.     This paragraph contains Plaintiff's characterization of the relief she seeks

to which no answer is required.  Should an answer be deemed required, Defendants

deny that Plaintiff is entitled to any relief.

17.     This paragraph contains Plaintiff's characterization of the relief she seeks

to which no answer is required.  Should an answer be deemed required, Defendants

deny that Plaintiff is entitled to any relief.

## VI.    <u>SECOND CLAIM FOR RELIEF</u>
### <u>(INJUNCTIVE RELIEF)</u>

18.    Defendants incorporate by reference their responses to paragraphs 1 to 11 of the General Allegations.

19.    The statute cited speaks for itself and therefore no response is required.

20.    This paragraph contains Plaintiff's characterization of the relief she seeks to which no answer is required.  Should an answer be deemed required, Defendants deny that Plaintiff is entitled to any relief.

21.    This paragraph contains Plaintiff's characterization of the relief she seeks to which no answer is required.  Should an answer be deemed required, Defendants deny that Plaintiff is entitled to any relief.

22.    The statute cited speaks for itself and therefore no response is required. This paragraph also contains Plaintiff's characterization of the relief she seeks to which no answer is required.  Should an answer be deemed required, Defendants deny that Plaintiff is entitled to any relief.

## VII.    <u>THIRD CLAIM FOR RELIEF</u>
### (ACTION OF THE AGENCIES AND ITS EMPLOYEES WAS ARBITRARY, CAPRICIOUS, UNLAWFUL, MANIFESTS AN ABUSE OF DISCRETION, CONTRARY TO STATUTORY RIGHT AND WAS WITHOUT OBSERVANCE OF PROCEDURE AS REQUIRED BY LAW)

23.    The statute cited speaks for itself and therefore no response is required.

24.    The statute cited speaks for itself and therefore no response is required.

25.    Deny.

26.    Deny.

5

27.    Deny.

28.    Deny.

## VIII. PRAYER FOR RELIEF

Plaintiff's Prayer for Relief is a characterization of the relief she seeks to which no answer is required.  Should an answer be deemed required, Defendants deny that Plaintiff is entitled to any relief.

**Affirmative Defense**

The Court lacks subject-matter jurisdiction over all of the relief Plaintiff seeks because Plaintiff has failed to administratively exhaust all of her claims.

Wherefore, Defendants having fully answered, Defendants request entry of judgment in their favor that Plaintiff takes nothing by this action.

Dated January 27, 2014              Respectfully Submitted,

JOHN F. WALSH
United States Attorney

*s/ Timothy B. Jafek*
TIMOTHY B. JAFEK
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:(303) 454-0100
Fax: (303) 454-0407
timothy.jafek@usdoj.gov

Attorneys for Defendants
United States Department of the Interior and
United States Bureau of Land Management

6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on January 27, 2014, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

Aspenlaw@neileyalder.com

and I hereby certify that I will mail to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the nonparticipant's name:

_s/ Timothy B. Jafek_
TIMOTHY B. JAFEK